COTHEY, ADMINISTRATRIX, PLAINTIFF-APPELLANT, v.
JONES-LEMLEY TRUCKING CO. ET., DEFENDANTS-APPELLEES AND
COTHEY, PLAINTIFF-APPELLANT, v. JONES-LEMLEY TRUCKING
CO. ET.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 26062 and 26063. Decided January 17, 1963.

*Messrs. Redmond & Ugan*, for plaintiffs-appellants.
*Messrs. Johnson, Weston, Blackmore, Cory & Hurd*, for defendant-appellee.

(RADCLIFF, P. J., COLLIER and BROWN, JJ., of the Fourth District, sitting by designation in the Eighth District.)

Brown, J. This is an appeal on questions of law from the entry of a judgment for the defendant in both causes and a denial of a motion for a new trial filed thereafter in each case. These cases were consolidated for purposes of trial and this appeal. Cause No. 26062 is an action in tort for the wrongful death of William Cothey, deceased, brought by his wife and four minor children. Cause No. 26063 was an action by Rose Cothey for personal injuries she sustained as a passenger in her husband's automobile in the same motor vehicle collision.

The evidence disclosed that on or about 12:35 P. M. on October 4, 1957, decedent operated a 1950 Ford automobile in a westerly direction on Brookpark Road in Cleveland at its intersection with Clifton Concrete Company's driveway, when it collided with the right side of a tractor-trailer which was operated by defendant's employee, Walter Wohlford. As a result of the collision, William Cothey and Edward Root, a passenger in the automobile, died as a result of injuries sustained. Rose Cothey, the other passenger in the automobile also sustained injuries. Her testimony was only that she looked up and saw the defendant's truck for the first time when it was about two feet in front of her husband's automobile and that it was moving to her right in front of the automobile in which she was riding.

Brookpark Road extended in an easterly and westerly direction with two unmarked traffic lanes going in each direction. At the point of the impact the roadway was 44 feet in width, with the traffic lanes separated by a double yellow line in the center of the road. On the north side of Brookpark Road and running contiguous therewith was the Clifton Concrete Company driveway which was 112 feet in width. Evidence disclosed the pavement was dry and that the sun was shining, and that the Brookpark Road was straight and level to the extent that a driver could see traffic from both directions.

The accident occurred at a point 15 feet south of the north

curb of Brookpark, 12 feet east of the west edge of the Clifton Concrete driveway.

Appellant's theory of the accident was that it was caused by the appellee making a left turn in a northeasterly direction across the two westbound lanes "directly and immediately in front of plaintiff's decedent's oncoming westbound automobile." The right front of appellant's automobile hit the right front wheel on the tandem axle of the trailer which was 29½ feet long.

On our review, we can only say that appellant was faced with extreme difficulties of proof on this case. Her two best witnesses, Cothey and Root, were dead. Mrs. Cothey only saw the tractor-trailer from a distance of 2 feet before the accident. Wohlford, the driver of the tractor-trailer did not testify either in person, or by deposition. Margaret DeMeter, the other eye witness, testified only by deposition. She saw appellee's truck cross most of the westbound lanes of Brookpark with the cab off that street and to the north in the Clifton Concrete driveway. Then she saw the appellant's car swerve from the curb lane to its left and hit the truck.

As the trial court said in its opinion, whether Wohlford was negligent at the time of his turning is a question upon which there is no evidence, and in the opinion of the court—one thing is clear, he did not strike the Ford. The Ford struck the tractor-trailer.

While five assignments of error are asserted, the question on review is whether the appellant adduced sufficient evidence to create an issue of fact as to whether or not the appellee was negligent. Six specifications of negligence were asserted by appellant. Our examination of the record, exhibits and bill of exceptions finds us in agreement with the trial court, that there was no negligence on the part of appellee established by appellant either by direct proof or inference.

We are of the opinion that reasonable minds could not differ that appellant failed to introduce evidence which is sufficient to support a conclusion that the collision occurred as a result of negligence on the part of appellee. Accordingly, the trial court had no alternative than to direct the verdict he did. See *Laughlin* v. *City of Cleveland*, 168 Ohio St., 576.

We have examined the errors assigned and find no error

prejudicial to the rights of appellants. They are overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

RADCLIFF, P. J., COLLIER, J., concur.